In the Matter of JAMES J. CALLY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 8, 1987

**APPEARANCES OF COUNSEL**

*Geri R. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*James J. Cally,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order of this court disbarring respondent, James J. Cally, for his failure to comply with the July 18, 1985 order of this court, suspending him from the practice of law and directing that he show cause within 30 days why a final order of sanction should not be entered against him.

Respondent was admitted to practice by the Second Department on October 24, 1945. On February 23, 1985, he was convicted in the United States District Court for the Middle District of Florida of unlawfully devising a scheme and artifice to defraud and obtain money by false and fraudulent pretenses, mail fraud, and unlawful use of the mail to obtain money by false and fraudulent pretenses, in violation of 18 USC §§ 1341, 1342, 371, 372. By order dated July 18, 1985, this court suspended respondent from the practice of law due to the serious nature of these convictions. The Committee moves for disbarment on the ground that respondent has failed to comply with that part of the order directing that he show cause why a final order of sanction should not be entered against him. Respondent replies that on October 5, 1985, he submitted an affidavit of compliance, explaining why he had not answered the petition as required by this court. Neither party submits a copy of this document in their papers. Respondent seeks an extension of time to answer the petition until after his criminal appeal has been decided.

Under the rules of this court, the pendency of a criminal appeal, is not grounds for delaying action in a serious crime proceeding, unless the conviction is from a court which is not a court of record or this court or the Departmental Disciplinary Committee finds compelling reasons to justify a delay. (22 NYCRR 603.12 [e].) No reasons justifying a delay exist here. However, an additional 30-day period in which to respond to the petition is granted to respondent, as there is no evidence that the Committee rejected respondent's October 5, 1985 affidavit or otherwise advised him that absent compelling reasons the pendency of his appeal does not warrant a delay in processing a serious crime proceeding.

MURPHY, P. J., SANDLER, ROSS, CARRO and WALLACH, JJ., concur.

Ordered that respondent be directed to show cause why a final order of sanction should not be made; respondent's suspension from practice as an attorney and counselor-at-law in the State of New York continued pending final determination of petition and until the further order of this court.